HC-001

Name: Davin Flores
Address: S.A.T.F-Corcoran
P.O. Box 5242
Corcoran, CA 93212

CDCR or ID Number: CB9274

Northern California District Court
1301 Clay Street, # 400S
Oakland, CA 94612

(Court)

| | |
|---|---|
| Mr. Davin Flores<br>Petitioner<br>v.<br>Contra Costa County<br>Respondent Superior Court | **PETITION FOR WRIT OF HABEAS CORPUS**<br>No. 26-cv-09212-EKL<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction or sentence and are filing this petition in the superior court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the superior court, you should file it in the county in which you are confined.**
- **This form is intended for use by petitioners filing for relief in habeas corpus proceedings and who have not been sentenced to death (Cal. Rules of Court, rules 4.551(a)(1), 8.380(a)).**

- Read the entire form *before* answering any questions.
- Answer all questions in Part A. Also fill out Part B for all claims except for those based on a violation of the Racial Justice Act (RJA). For RJA claims, fill out Part C. If you have RJA claims and other claims, fill out both Parts B and C.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- An attorney filing this petition on behalf of a petitioner, based on a claim under Penal Code section 745(a)(1) or (2) that involves conduct by a law enforcement officer, must serve a copy of this petition on the law enforcement agency that employs the officer.

Approved by the Judicial Council of California for use under rules 4.551 (as amended July 1, 2026) and 8.380 (as amended January 1, 2020) of the California Rules of Court. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

HC-001

**Part A (must be filled out by all petitioners)**

**This petition concerns** ***(check all that apply)*****:**

- [x] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Other *(specify)*: ______
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] A conviction or sentence involving a violation of the Racial Justice Act under Penal Code section 745(a) **(Part C must be completed if this box is checked.)**

1. Your name: Davin Flores

2. a. Where are you incarcerated? SATF-Corcoran

   b. If you are not incarcerated, are you on supervised release, such as probation, parole, mandatory supervision, or postrelease community supervision?
   - [ ] Yes *(specify)*: N/A
   - [ ] No

3. Why are you in custody or on supervised release?
   - [x] Criminal conviction
   - [ ] Civil commitment

4. *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   Grand Theft

   b. Penal or other code sections: PC487(a)(02)

   c. Name and location of sentencing or committing court: Contra Costa County Superior Court 725 Court St, Martinez, CA 94553

   d. Case number: 012501280

   e. Date convicted or committed: 9-10-25

   f. Date sentenced/Date of judgment: 8-18-25

   g. Length of sentence: ~~[illegible]~~ 5 years, 4 months

   h. When do you expect to be released? 12-02-27

   i. Were you represented by counsel in the trial court?
   - [ ] No
   - [x] Yes If yes, state the attorney's name and address: Contra Costa County Public Defenders Office

5. What was the LAST plea you entered? *(check one)*:
   - [ ] Not guilty
   - [ ] Guilty
   - [x] Nolo contendere
   - [ ] Other: ______

6. If you pleaded not guilty, what kind of trial did you have?
   - [ ] Jury
   - [ ] Judge without a jury
   - [ ] Submitted on transcript
   - [ ] Awaiting trial



→

7. Did you appeal from the conviction, sentence, or commitment?
   - ☒ No
   - ☐ Yes **If yes, give the following information:**

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"): ______

   b. Result: ______

   c. Date of decision: ______

   d. Case number or citation of opinion, if known: ______

   e. All issues raised:
   (1) ______
   (2) ______
   (3) ______

   f. Were you represented by counsel on appeal?
   - ☐ No
   - ☐ Yes **If yes, state the attorney's name and address, if known:**

   ______

8. Did you seek review in the California Supreme Court?
   - ☒ No
   - ☐ Yes **If yes, give the following information:**

   a. Result: ______

   b. Date of decision: ______

   c. Case number or citation of opinion, if known: ______

   d. All issues raised:
   (1) ______
   (2) ______
   (3) ______

9. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):

   N/A

10. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, sentence, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
    - ☒ No **If no, skip to number 13.**
    - ☐ Yes **If yes, continue with number 11.**

11. a. (1) Nature of proceeding (for example, "habeas corpus petition"): ______

    (2) Name of court: ______

    (3) Result *(attach order or explain why unavailable)*: ______

    (4) Date of decision: ______

    (5) Case number or citation of opinion, if known: ______

    (6) All issues raised:
    (a) ______
    (b) ______
    (c) ______



→

HC-001

b. (1) Nature of proceeding: n/A

(2) Name of court:

(3) Result *(attach order or explain why unavailable):*

(4) Date of decision:

(5) Case number or citation of opinion, if known:

(6) All issues raised:

(a)

(b)

(c)

12. If any of the courts listed in number 11 held a hearing, state name of court, date of hearing, nature of hearing, and result:

N/A

13. Explain any delay in discovering or presenting the claims for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; Pen. Code, § 1473(e).)

No Delay. The Supreme Court set precedence 1 month ago.

14. Are you presently represented by counsel?

☑ No

☐ Yes If yes, state the attorney's name and address, if known:

15. Do you have any petition, appeal, or other matter pending in any court?

☑ No

☐ Yes If yes, explain:

16. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

This is the proper jurisdiction for Federal violations

Before moving to Parts B and C of this form, read this chart to decide which parts of the form you must complete:

| Do you have a Racial Justice Act claim? | You must fill out: |
|---|---|
| No | Parts A and B only |
| Yes, I only have a Racial Justice Act claim. | Parts A and C only |
| Yes, I have a Racial Justice Act claim and other claims. | Parts A, B, and C |



→

**PART B – only fill out Part B for claims that do not involve the Racial Justice Act. Skip to Part C if you only have Racial Justice Act claims.** **HC-001**

1. **Claim 1:** State briefly your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional claims for relief, use a separate page for each claim. State claim 2 on page 6. For additional claims, make copies of page 6 and number the additional claims in order.)*

Walnut Creek Pd violated my Forth Amendment rights. They had zero evidence to convict me of any crime. They illegally obtained ("Phone Ping") information from several third-party tech companies Per (Chatrie), this case shall be reversed and remanded.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

Walnut Creek Pd used a "GeoFence" or "Phone Ping" warrant regarding my personal cell phone location data. Per (Chatrie) this case shall be reversed and remanded.

b. Supporting documents:
Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

(See Attached)

c. Supporting cases, rules, or other authority *(optional)*:
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If you need more space, add additional pages.)

1. (Chatrie) Chatrie vs U.S. (2026) 609 U.S. 146 S Ct 2193
2. Davis v. United States (2026) WL 1871299
3. Wells v. Texas (2026) WL 1871296



→

2. **Claim 2 or Claim _________ *(if applicable)*:**

a. **Supporting facts:**

b. **Supporting documents:**

c. **Supporting cases, rules, or other authority:**

3. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

n/A

b. Did you seek the highest level of administrative review available?

☐ Yes

☐ No

*Attach documents that show you have exhausted your administrative remedies. (See* People v. Duvall *(1995) 9 Cal.4th 464, 474.)*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 8-8-26

[signature]

Signature of Petitioner

**If you do not have a Racial Justice Act claim, fill out Part A and Part B only and stop here.**



→

**PART C – only fill out Part C for claims involving a violation of the Racial Justice Act under Penal Code section 745(a).**

1. Indicate which of the following apply to the case in which you are making a claim for violation of the Racial Justice Act *(check all that apply)*:
   a. ☐ Judgment is not final (for example, because an appeal is pending).
   b. ☐ Judgment is for a felony conviction.
2. For each box checked below, you must fill in the specific facts that support a violation of the Racial Justice Act. This may include statistical or other evidence in support of a claim comparing your charge or sentence with the charges or sentences of defendants of other races, ethnicities, or national origins. If you need more space, add additional pages. If you have previously received documents in discovery or have other documents supporting your claim (such as transcripts, declarations, or any other relevant records), attach them to this form.
   I request relief based on the following (*choose all that apply*):
   a. ☐ The judge, an attorney, a law enforcement officer, an expert, or a juror in the case exhibited bias or animus toward me because of my race, ethnicity, or national origin:
   b. ☐ During in-court trial proceedings, the judge, an attorney, a law enforcement officer, an expert, or a juror used discriminatory language about my race, ethnicity, or national origin:
   c. ☐ I was charged with or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in similar conduct and are similarly situated, *and* the prosecution more frequently sought or obtained convictions for more serious offenses against people who share my race, ethnicity, or national origin in the county where the convictions were sought or obtained:
   d. ☐ I received a longer or more severe sentence compared to similarly situated individuals convicted of the same offense and:
      (1) ☐ longer or more severe sentences were more frequently imposed for the same offense on defendants who share my race, ethnicity, or national origin than on others in that county; *and/or*
      (2) ☐ longer or more severe sentences were more frequently imposed for the same offense on defendants in cases with victims of one race, ethnicity, or national origin than in cases with victims of other races, ethnicities, or national origins in that county:
3. Is your claim based on a statement or conduct by a judge?
   ☐ Yes If yes, please state the judge's name:
   ☐ No

HC-001

4. a. Were you represented by appointed counsel in this case (at the trial court and/or on appeal)?
☐ Yes
☐ No
b. Do you want appointed counsel at no cost to you?
☐ Yes
☐ No
c. Can you afford to hire and pay for your own attorney?
☐ Yes
☐ No

5. a. Do you request permission to amend a pending petition for writ of habeas corpus with this claim?
☐ Yes
☐ No
b. If yes, in what court is your petition pending? ______
c. If yes, what is the case number of your pending petition? ______

6. Do you request discovery relevant to a potential violation of the Racial Justice Act?
☐ No; at this time, I do not need discovery, have previously obtained discovery, or may request discovery after counsel is appointed to represent me.
☐ Yes, under Pen. Code, § 745(d). *(If yes, complete 6a and b)*
a. ☐ Describe, as specifically as you can, the type of records or information you seek:
______
b. ☐ List the reasons you need the records or information:
______

7. Are you raising this claim for the first time?
a. ☐ Yes *(Skip to the declaration at the bottom of this page.)*
b. ☐ No *(Complete the following questions.)*
Why are you raising this claim again? *(Complete (1), (2), and (3).)*
(1) ☐ Change in law (*provide the cases or statutes*):
______
(2) ☐ Change of facts
Could the new evidence have been previously known to you?
☐ Yes ☐ No
Explain:
______
(3) ☐ Other: ______

If you need additional space to answer any question on this petition, add an extra page and indicate that your answer is "continued on additional page."

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: ______

______
Signature of Petitioner



Print Save Clear